**CURRIE STATE BANK, CURRIE, MINNESOTA; State Bank of Rose Creek, Rose Creek, Minnesota; and Farmers State Bank of Lyle, Lyle, Minnesota, Petitioners,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent.**

No. 88–5261.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1989.

Decided June 19, 1989.

Susan E. Barnes, Minneapolis, Minn., for petitioners.

John J. Rubin, Kansas City, Mo., and Ingeborg G. Chaly, Washington, D.C., for respondent.

Before WOLLMAN and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

BEAM, Circuit Judge.

This petition for review seeks (or sought) modification of provisions contained within cease and desist orders entered against each petitioner by the Board of Directors of the Federal Deposit Insurance Corporation (FDIC). The parties agree that the issues involving Farmers State Bank of Rose Creek (Rose Creek) and Farmers State Bank of Lyle (Lyle) are now moot. Accordingly, the petitions for review will be dismissed as to these litigants. The order involving the Currie State Bank (Currie) is reversed and remanded to the FDIC for a formal hearing before an Administrative Law Judge conducted pursuant to established procedures.

## I. BACKGROUND

In April of 1987, the FDIC issued notices and charges against each petitioner pursuant to section 2[8](b) of the FDIC Act, 12 U.S.C. § 1818(b) (1982) and the FDIC's Rules of Practice and Procedure, 12 C.F.R. § 308. The FDIC alleged that each bank was engaged in unsafe and unsound banking practices and was in violation of banking law.

On September 8, 1987, a formal hearing in the case against Rose Creek commenced. As the hearing was progressing on September 22, 1987, the parties jointly requested consolidation of the Rose Creek and Lyle matters. On November 9, 1987, the Currie case was also joined with the other two. The ALJ ordered consolidation because the banks were affiliated, were represented by the same counsel, and the issues in each case were similar.

Shortly thereafter, serious negotiations for settlement commenced. As a result, the following stipulation, in relevant part, was agreed upon by Edward G. Lanning,

Regional (Kansas City) Attorney for FDIC and the attorney for Currie:

### STIPULATION

It is hereby stipulated and agreed to by and between the Federal Deposit Insurance Corporation ("FDIC") and the Currie State Bank, Currie, Minnesota ("Bank"), by and through their attorneys of record, as follows:

\* \* \* \* \* \*

3. With respect to paragraphs 1(b) (except for the first nine words) through 13 and the two concluding unnumbered paragraphs found on pages 17 and 18 of the attached ORDER:

(a) The Bank hereby waives the right to assert any defenses or otherwise contest on factual or legal grounds at any stage of the instant proceedings the FDIC's issuance of the foregoing provision of the attached ORDER on the Bank;

(b) The FDIC and the Bank hereby stipulate and agree that the recommended decision of the administrative law judge shall include a recommendation that, at a minimum, the foregoing provisions of the attached ORDER be issued against the Bank; and

(c) The FDIC and the Bank hereby stipulate and agree that the decision of the Board of Directors of the FDIC in the instant case shall include a decision that the foregoing provisions of the attached ORDER, at a minimum, will be included in, and will be effective 30 days after the date of service of, any overall cease-and-desist order served upon the Bank, and so much of such overall cease-and-desist order as is comprised of the foregoing provisions of the attached ORDER shall be deemed to be a "cease-and-desist order which has become final," as defined in section 8(k) [§ 2[8](k)] of the Act, 12 U.S.C. § 1818(k).

\* \* \* \* \* \*

Dated: October 21, 1987

FEDERAL DEPOSIT INSURANCE CORPORATION LEGAL DIVISION

By: /s/ Edward C. Lanning
Edward G. Lanning
Regional Attorney
Kansas City Region

CURRIE STATE BANK CURRIE, MINNESOTA

By: /s/ Mary E. Curtin
Mary E. Curtin
Curtin and Barnes
Attorney for Respondent

---

The stipulation was sent to the ALJ on October 30, 1987, by Mr. Lanning with a letter which, in part, stated:

Enclosed is an original Stipulation executed by counsel for the Currie State Bank and the FDIC whereby the parties mutually agree that specified portions of the attached Order to Cease and Desist ("Order") will not be contested on a factual or legal basis and shall be included in any overall Order to Cease and Desist recommended by you and issued by the FDIC's Board of Directors against the Currie State Bank.

Paragraph 1(d) of the proposed order referred to in the stipulation, in part, stated:

Within 180 days from the effective date of this ORDER, the Bank shall take all steps necessary to increase the number of board members who are independent with respect to the Bank. For purposes of this ORDER, a candidate who is independent with respect to the Bank shall be any individual (1) who is not an officer of the Bank or its affiliated organizations, (2) who is not related by blood or marriage to an officer of the Bank or to any stockholder owning more than five (5) of the Bank's outstanding shares, and (3) who is not indebted to the Bank, directly, or indirectly (including the indebtedness of any entity in which the individual has a substantial financial interest) in an amount exceeding $70,000.

Upon approval of the stipulation, Currie, as agreed, withdrew its answer and did not contest the allegations contained in the notice served by the FDIC. Thereafter, the ALJ issued a decision wherein he recommended a cease and desist order which incorporated the agreed upon provisions. However, the Board of Directors of the FDIC, after receipt of the ALJ recommendation, rejected the 180–day time period for the selection of independent directors, and ordered such action within 60 days. Currie, understandably, is upset by this turn of events, and seeks review of the FDIC order.

## II. DISCUSSION

There is no dispute that the FDIC has broad discretion in specifying remedies designed to correct unsound banking practices. *See Brickner v. Federal Deposit Insurance Corp.*, 747 F.2d 1198, 1203 (8th Cir.1984). However, the issue here is not one of latitude in problem resolution but, rather, one of living up to an agreement. FDIC argues that it wears two hats in proceedings such as this, one of enforcement through regional counsel and one of dispute adjudication through action by the Board of Directors. Here, the FDIC says, the stipulation was made by the enforcement arm and, as a result, it was not binding upon the Board as an adjudicator.

Perhaps we could agree with this bifurcated approach were it not for the obvious understanding of Currie and the ALJ that the stipulation was advanced by FDIC counsel, at least inferentially, as an agreement of the Board. There were separate stipulations prepared and presented to the ALJ for each bank. Even though the issues in Rose Creek and Lyle have now become moot, for reasons not relevant to this discussion, an exchange between John J. Rubin, Senior Regional Attorney for the Kansas City Region of the FDIC, and the ALJ is instructive. The ALJ, upon being presented with the Rose Creek stipulation, questioned Mr. Rubin as follows:

THE COURT: Let me ask you a couple of questions about what you've done so far here. Is there any reason why the stipulation was entered into on behalf of the Federal Deposit Insurance Corporation Legal Division rather than the

FDIC? I'm looking at the signature page. I know you are from the Legal Division.

MR. RUBIN: There is no significance to that, except that we are the counsel representing the FDIC in the matter. Our normal procedure in obtaining stipulations with respondent banks or individuals in any case provides for that type of signature block where counsel signs on behalf of the FDIC.

MS. CURTIN: Your Honor, at the beginning of the stipulation, it reads that it is stipulated and agreed by the FDIC.

THE COURT: This is signed by the FDIC as an entity and not only on the enforcement branch—

MR. RUBIN: That's right.

THE COURT: —on the enforcement side.

Transcript, Vol. 1, p. 76.

The Currie stipulation was presented at a later time by letter from Mr. Lanning, Regional FDIC Attorney. The submittal letter, cited previously only in part, stated:

Enclosed is an original Stipulation executed by counsel for the Currie State Bank and the FDIC whereby the parties mutually agree that specified portions of the attached Order to Cease and Desist ("Order") will not be contested on a factual or legal basis and shall be included in any overall Order to Cease and Desist recommended by you and issued by the FDIC's Board of Directors against the Currie State Bank.

Although it is clearly the intention of the parties to consolidate this matter with the State Bank of Rose Creek, Rose Creek, Minnesota, Docket No. FDIC–87–66b and Farmers State Bank of Lyle, Lyle, Minnesota, Docket No. FDIC–87–65b, to my knowledge counsel for the Bank has not made a motion to consolidate nor has an order of consolidation been issued. For this reason, the Stipulation has not been identified by number. Therefore, it is hereby requested that Your Honor receive this Stipulation as Exhibit No. 1 into the record of this case or Joint Exhibit No. 4 into the consolidated record when, and if, this case is consolidated with cases FDIC–87–65b and FDIC–87–66b. It is further requested that written notice of the same be furnished to the parties.

Thank you for your assistance in this matter.

While it might be argued that the Currie stipulation was presented on a different footing than the Rose Creek stipulation, there is nothing in the record which supports such a conclusion. Thus, we do not accept the argument that Mr. Lanning was not speaking for the FDIC in all of its capacities. Therefore, under the circumstances it would be unfair, at least procedurally, to allow the Board of Directors to ignore the terms of the stipulation and to unilaterally impose alternative requirements without Currie being permitted to present its defenses.

We recognize that our review of remedies mandated by the FDIC to alleviate unsafe and unsound banking practices is limited. They may not be disturbed unless arbitrary, capricious, or otherwise contrary to law. 5 U.S.C. § 706(2)(A) (1982). *See First National Bank v. Department of the Treasury,* 568 F.2d 610, 611 (8th Cir. 1978). Since, in usual circumstances, the remedies set forth in the FDIC order would not be arbitrary and capricious, we are reluctant to require the FDIC to enter an order which reflects the agreement contained in the stipulation. We think the better approach is to set aside the order of the FDIC, and remand the Currie matter for a formal hearing before an ALJ. Such hearing should be held only after reinstatement of the answer and defenses raised by Currie prior to the stipulation being agreed upon. Further stipulations, if any, should be fully discussed with the ALJ on the record to the end that the FDIC in its adjudicative capacity may be fully cognizant of their impact upon the fairness of the proceedings and the understanding of the parties.

## III. CONCLUSION

Given the nature and substance of the stipulation giving rise to the recommendations of the ALJ, we find that the cease

and desist order involving Currie entered by the FDIC was unfair. Accordingly, the order is set aside and the matter is remanded to the FDIC for a formal hearing conducted pursuant to the FDIC's rules of practice and procedure. The petitions for review of Rose Creek and Lyle are dismissed because the issues raised therein have become moot.